**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANNETTE LALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:13-CV-3840-L (BF)** |
| | § | |
| **THE BANK OF NEW YORK MELLON,** | § | |
| **EMC MORTGAGE CORPORATION,** | § | |
| **J.P. MORGAN CHASE BANK,** | § | |
| **WELLS FARGO BANK, N.A., and** | § | |
| **SELECT PORTFOLIO SERVICING,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action arising out of foreclosure proceedings initiated against certain real property located in Rockwall County, Texas to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a Standing Order of Reference. Defendants The Bank of New York Mellon, formerly known as the Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities Trust 2006-2, Asset Backed Certificates, Series 2006-2 ("BNYM"), EMC Mortgage Corporation ("EMC"), JPMorgan Chase Bank N.A., individually and as acquirer of certain assets and liability of Washington Mutual Bank, successor to Long Beach Mortgage Company, from the Federal Deposit Insurance Corporation as receiver ("Chase"), and Wells Fargo Bank, N.A. ("Wells Fargo") have filed a joint motion for summary judgment. Defendant Select Portfolio Servicing, Inc. ("SPS") has filed a separate Rule 12(b)(6) motion to dismiss. For the following reasons, both motions should be granted.

1

**Background**

Plaintiff Annette Lall and her husband Len L. Lall obtained a $926,650 home equity loan (the "Loan") from Long Beach Mortgage Company ("LBMC") on November 19, 2004.  *See* Def.'s MSJ App., Ex. H-4; *see also id.*, Ex. G at 546-49.  In connection with that transaction, the Lalls executed a Texas Home Equity Fixed/Adjustable Rate Note (the "Note") and a Texas Home Equity Security Instrument (the "Deed of Trust").  *See id.*, Ex H-2, H-3.  The Deed of Trust granted a security interest in the Lall's Rockwall County home (the "Property") to LBMC to secure repayment of the Loan.  *See id.*, Ex. H-3; *see also id.*, Ex. F at 481 (RFA No. 26).  The Loan was subsequently sold into a public security managed by Defendant BNYM.  *See* Pl.'s MSJ Resp. App., Ex. S.

The Lalls experienced financial difficulties and defaulted on the Loan in 2007.  *See* Def.'s MSJ App.*,* Ex. G at 508, 511, 532, 542.  Len Lall died on November 24, 2009.  *Id*. at 493; Pl.'s MSJ Resp. App., Ex. C.  On July 23, 2013, BNYM obtained an order for foreclosure from the probate court overseeing the administration of Len Lall's estate (the "Estate").  Def.'s MSJ App., Ex. I.  Defendant Chase, acting as BNYM's servicer, notified Plaintiff that the Property was scheduled to be sold at a foreclosure sale on September 3, 2013.  Def.'s MSJ App., Ex. H-8.  On August 28, 2013, Plaintiff, proceeding *pro se*, filed this lawsuit in the 382nd Judicial District Court of Rockwall County, Texas to stop the foreclosure sale.  *Id.*, Ex. F. at 483 (RFA No. 41).  Defendants timely removed the case to federal court on the basis of diversity of citizenship and federal question jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332(a)(1).

In her Third Amended Complaint, which is the live pleading in this case, Plaintiff alleges that Defendants lack authority to enforce the Note and foreclose on the Property because they cannot demonstrate an unbroken chain of title.  Pl.'s Third Am. Compl. at 4, ¶ 13.  Plaintiff also alleges that she sent Defendants letters requesting documentation to show ownership of the Note,

but Defendants either failed to respond or provided false information.  *See id.*, ¶ 45. Based on this alleged conduct, Plaintiff asserts claims for trespass to try title, quiet title, negligent misrepresentation, common law and statutory fraud, breach of contract, tortious interference with an existing contract, violations of the Texas Debt Collection Practices Act, the Texas Deceptive Trade Practices Act – Consumer Protection Act, and the Truth in Lending Act.  She seeks a declaratory and injunctive relief, damages, and rescission of the Loan.

Defendants BNYM, EMC, Chase, and Wells Fargo filed a motion for summary judgment as all of Plaintiff's claims and causes of action.  Among other things, these defendants argue that Plaintiff's claims challenging their authority to foreclose fail because Texas law does not require a party to establish holder status to pursue a nonjudicial foreclosure, and BNYM and Chase were in fact authorized to foreclose as the mortgagee and mortgage servicer, respectively.  Def.'s MSJ Br. at 12-14.  After Plaintiff filed a summary judgment response, she sought leave to file an amended complaint to add the current Loan servicer SPS as a defendant.  The court granted Plaintiff leave to amend, and Defendant SPS promptly filed a motion dismiss all of Plaintiff's claims and causes of action pursuant to Rule 12(b)(6).  SPS similarly argues that Plaintiff's claims fail because Defendants have authority to foreclose.

Because the allegations in Plaintiff's most recent amended complaint are substantially identical to the allegations in her earlier complaint, the court considers the pending summary judgment motion as addressing the claims raised in Plaintiff's live pleading.  *Beasley v. Krafcisin*, No. 3:13-CV-4972-M-BF, 2014 WL 4651996, at 2, n.1 (N.D. Tex. Sep. 17, 2014), *aff'd*, 2015 WL 4090365 (5th Cir. July 7, 2015) (noting that pending dispositive motion can apply to a subsequently-amended complaint when the amended allegations are substantially similar to those alleged in the earlier complaint).  The issues have been fully briefed, and the motions are ripe for determination.

**Legal Standards**

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).  In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial.  *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).  The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper.  *See Duckett v. City of Cedar*

*Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

### Preliminary Matters

Defendants object to almost all of Plaintiff's summary judgment evidence on various grounds, including objections that her exhibits are not properly authenticated, are hearsay, and are irrelevant and misleading. Def.'s MSJ Reply at 2-3. The court has reviewed the challenged evidence and determines that, even when it is considered, the evidence does not alter the court's findings and conclusions with respect to the pending motions. Accordingly, Defendants' objections are overruled as moot. *See Jones v. United Parcel Serv., Inc.*, No. 3:06-CV-1535-L, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008), *aff'd*, 307 F. App'x 864 (5th Cir. 2009) (denying as moot an objection to summary judgment evidence where sustaining the objection would not change the outcome).

### Analysis

### Defendants' Authority to Foreclose

The gravamen of Plaintiff's lawsuit is her claim that neither BNYM nor Chase can show proper receipt, possession, transfer, negotiation, assignment and/or ownership of the original Note and Deed of Trust and, thus, lack authority to foreclose on the Property.[1] *See* Pl.'s Third Am. Compl. at 4, ¶ 13. Plaintiff contends that (1) Defendants cannot prove that BNYM or Chase

---

[1] Although her pleadings do not clearly identify which defendants Plaintiff contends lack authority to foreclose, it is undisputed that neither EMC nor Wells Fargo ever attempted to foreclose on the Property. *See* Def. MSJ App., Ex. F at 486 (RFA Nos. 75, 76). Nor does Plaintiff allege that SPS has attempted to foreclose on the Property. *See* Pl.'s Third Am. Compl. at 8, ¶ 30. To the extent her live pleading alleges that EMC, Wells Fargo, or SPS's lacked authority to foreclose, such claims should be dismissed.

own or hold the Note; (2) a broken chain of assignments renders the Deed of Trust void and unenforceable; (3) the Deed of Trust Assignments are not properly recorded in accordance with Texas Local Government Code section 192.007(a); and (4) the Note was not transferred to a trust in accordance with a pooling and servicing agreement.  The court addresses these arguments in turn.

Plaintiff first argues that BNYM and Chase lack authority to foreclose because neither of them can prove that it is the noteholder or that it is entitled to enforce the note.  Pl.'s MSJ Resp. at 10.  This argument improperly conflates foreclosure with the enforcement of a promissory note.  *See Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420–SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011) (explaining how Texas law differentiates between enforcement of a promissory note and foreclosure).  Under Texas law, the right to recover on the note and the right to foreclose under a deed of trust are severable and may be enforced separately.  *Id.*; *see also Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2014 WL 3375032, at *4 (N.D. Tex. July 10, 2014) (Lindsay, J.) (recognizing that a nonjudicial foreclosure against collateral, enforces the deed of trust, not the underlying note); *Lombardi v. Bank of America*, No. 3:13-CV-1464-O, 2014 WL 988541, at *6 (N.D. Tex. Mar. 13, 2014) (same).  A party need not prove that it owns and holds the note to foreclose through a deed of trust.  *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 254–55 (5th Cir. 2013).

Texas law provides that either a mortgagee or a mortgage servicer may administer a deed of trust foreclosure.  *See Crear v. JP Morgan Chase Bank, N.A.*, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. Mar. 28, 2011) (per curiam) (citing TEX. PROP. CODE ANN. §§ 51.002 & 51.0025 (West 2007)).  A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument," a "book entry system," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP.

CODE ANN. § 51.0001(4).  A mortgage servicer is "the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument." Id. § 51.0001(3).  Here, the record evidence establishes that BNYM is the mortgagee because it is "the last person to whom the security interest has been assigned of record."  Def.'s MSJ App., Ex. E.  The evidence further establishes that, at the time of the conduct complained of by Plaintiff, Chase was the mortgage servicer because it was the last person to whom BNYM instructed Plaintiff to send her Loan payments.  *Id.*, Ex. H-6.[2]  Defendants are thus entitled to summary judgment on Plaintiff's claims that BNYM and Chase lack authority to foreclose because they failed to establish that either of them is the holder of Plaintiff's note.

Defendants are also entitled to summary judgment on Plaintiff's claims that the recorded documents affecting the Property reveal a broken chain of assignments that renders the Deed of Trust void and unenforceable.  *See* Pl.'s Third Am. Compl. at 4-5, ¶¶ 14-16.  According to Plaintiff, the recorded assignments show the following: (1) on April 14, 2008, EMC assigned the Deed of Trust lien to Chase; (2) on August 5, 2009, EMC assigned the Deed of Trust to BNYM; and (3) on August 22, 2012, Chase assigned the Deed of Trust to EMC.  *See* Pl's. MSJ Resp. App., Ex. D, E, F.  Plaintiff asserts that EMC could not have assigned the Note to BNYM in 2009 because it had previously assigned the Note to Chase.  She further argues this gap in the chain of title is fatal to Defendants' attempts to establish that BNYM or Chase has a right to foreclose on the Property.  Defendants' summary judgment evidence reveals, however, that Plaintiff's characterization of the chain of assignments is incomplete and inaccurate.[3]  Plaintiff

---

[2]      SPS has been the mortgage servicer since October 1, 2013.  *Id.*, Ex. H-7.

[3]      Plaintiff's evidence is also incomplete and inaccurate.  Plaintiff's copies of the assignments are missing the pages containing the legal description for the Property.  *See* Pl. MSJ Resp. App., Ex. D, E, F.  Also, a page from a different recorded instrument is included in Plaintiff's copy of the 2008 assignment.  *See id.*, Ex. D at 53.

inexplicably ignores and fails to account for the original assignment of the Note and Deed of Trust from LBMC to EMC dated November 30, 2004.  *See* Def. MSJ App., Ex. B.  She also ignores that the assignment from Chase to EMC is dated effective August 4, 2009, which completes an unbroken chain of title.  Texas law permits an assignor and assignee of a mortgage to execute an assignment with a retroactive effective date. *See Crowell v. Bexar Cnty.*, 351 S.W.3d 114, 117 (Tex. App.--San Antonio 2011, no pet.); *Soufimanesh v. U.S. Bank, N.A.,* No. 4:12-CV-295, 2013 WL 3215744, at *6 (E.D. Tex. June 24, 2013) (sanctioning procedure of retroactively dating assignment of mortgage); *Crone v. Bank of Am., N.A.*, No. 4:11-CV-733, 2012 WL 4754434, at *3 (E.D. Tex. Sept. 6, 2012) (same).  Plaintiff has failed to raise a genuine dispute that a broken chain of assignments renders the Deed of Trust void and unenforceable.

Nor can Plaintiff avoid summary judgment on her claim that BNYM and/or Chase lacked authority to foreclose because the assignments were not recorded in accordance with Texas Local Government Code §192.007(a).  The summary judgment evidence establishes that all the assignments were properly recorded.  Def.'s MSJ App., Ex. B, C, D, & E.  Further, under Texas law, "the ability to foreclose on a deed of trust is transferred when the note is transferred, not when an assignment of deed of trust is either prepared or recorded." *Bittinger v. Wells Fargo Bank, N.A.*, 744 F.Supp.2d 619, 625 (S.D. Tex. 2010) (citing *JWD, Inc. v. Fed. Ins. Co*., 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ)).  Consequently, "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Cervantes v. U.S. Bank Nat'l, Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (quoting *Broyles v. Chase Home Finance*, No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011)).  Any alleged failure to properly record one of the assignments would not affect Defendants'

authority to enforce the Deed of Trust.  *See Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 383 (5th Cir. 2013).

Further, absent some evidence that she was a party to or an intended third-party beneficiary of the pooling and servicing agreement governing the security into which her Loan was sold, Plaintiff lacks standing to challenge the transfer of her loan in alleged violation of the terms of the agreement. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (under Texas law, mortgagor lacked standing to bring suit to enforce the terms of agreement that governed assignment of mortgagor's note securing deed of trust, absent evidence that he was an intended third-party beneficiary of the agreement). Moreover, even if the assignment actually violated the terms of the pooling and servicing agreement, such a violation would not render the assignment void. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

Because the summary judgment evidence establishes that BNYM and Chase were authorized to foreclose as the mortgagee and mortgage servicer, respectively, and Plaintiff has failed to raise any genuine dispute of material fact that BNYM and Chase do not have such authority, Defendants are entitled to summary judgment on Plaintiff's claims challenging BNYM and/or Chase's authority to foreclose.  The District Court should dismiss such claims with prejudice.

### Negligent Misrepresentation

Plaintiff also asserts a negligent misrepresentation claim against BNYM, Chase, SPS, and Wells Fargo on grounds that these defendants failed to exercise reasonable care in communicating with her and provided false information regarding the identity of the noteholder. Pl.'s Third Am. Compl. at 13-14, ¶ 45.  Under Texas law, the elements of a claim for negligent misrepresentation are "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies

'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).   Defendants argue, among other things, that Plaintiff cannot establish that she suffered pecuniary loss by justifiably relying on any misrepresentation by Defendants.  *See* Def.'s MSJ Br. at 25-26; SPS Mot. Br. at 16-17.  In response, Plaintiff offers only her conclusory allegation the she has "suffered a pecuniary loss as she stands to lose her home." Pl.'s Third Am. Compl. at 14, ¶ 45; Pl.'s MSJ Resp. at 16.

Plaintiff's potential loss of her home through foreclosure is insufficient to support her claim for negligent misrepresentation because it is not independent from the subject matter of the Loan or the Loan documents, including the Deed of Trust and the Note.  *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam) (to recover for a claim of negligent misrepresentation, plaintiff must show an injury independent from the subject matter of the contract); *see also Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 634 (N.D. Tex. 2010).  Plaintiff points to no evidence in the record that she suffered any independent pecuniary consequence by her reliance on any alleged misrepresentation.   Because Plaintiff fails to sufficiently allege or prove that she suffered any pecuniary loss independent from the Loan, Defendants are entitled to summary judgment and dismissal of her negligent misrepresentation claim.  *Solomon v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-614, 2013 WL 5500069, at *11 (E.D. Tex. Aug. 15, 2013), *rec. adopted in relevant part*, 2013 WL 5499612 (E.D. Tex. Oct. 3, 2013) (finding alleged loss of title is insufficient to create fact issue to avoid summary judgment on negligent misrepresentation claim); *Wiley v. U.S. Bank, N.A.*, No. 3:11-CV-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012) (holding defendants entitled to summary

judgment on plaintiff's negligent misrepresentation claims where plaintiff's alleged damages arose solely from the obligations created by the Note and Deed of Trust and would not exist but for the contractual relationship between the parties).

### Fraud

Plaintiff similarly asserts statutory fraud claims against BNYM, Chase, EMC, and Wells Fargo and common law fraud claims against BNYM, Chase, SPS, and Wells Fargo.  Succinctly stated, Plaintiff contends that Defendants falsely represented that they each had an interest in the Property "at some time" and that BNYM and Chase had the power to foreclose.  Pl.'s Third Am. Compl. at 14-16, ¶ 47.  Defendants argue that Plaintiff's fraud claims fail because (1) the statute pursuant to which she seeks relief does not apply to loan transactions; and (2) there is no evidence that any Defendant made a false representation upon which Plaintiff detrimentally relied.

In Texas, statutory fraud occurs in a real estate transaction when a party makes a "false representation of a past or existing material fact" in order to "induc[e] [a] person to enter into a contract" and the person relies on this false representation "in entering into that contract."  TEX. BUS. & COM. CODE ANN. § 27.01(a) (West 2013).  However, it is well-established that section 27.01 does not apply to loan transactions.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000, pet. denied) ("A loan transaction, even if secured by land, is not considered to come under [section 27.01]." (citation omitted)); *see also Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp. 2d 842, 856 (N.D. Tex. June 15, 2006) ("[A] cause of action for statutory fraud does not arise from a transaction between a mortgagor and a mortgagee . . . .").  Accordingly, Plaintiff's statutory fraud claim should be dismissed.

11

Under Texas common law, a fraud claim requires proof that: (1) a material representation was made; (2) the representation was false when made; (3) the speaker either knew the representation was false or made it without knowledge of its truth; (4) the speaker made the representation with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *See Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (applying Texas law). Here, Plaintiff fails to plead or prove that she detrimentally relied on any allegedly false representation by any Defendant. The summary judgment evidence establishes that Plaintiff made payments to Wells Fargo and EMC when they serviced her Loan, but there is no evidence that any payment was misapplied. *See* Def.'s MSJ App., Ex. G. at 521, 522. The evidence further shows that Plaintiff has not made a Loan payment since December 2007. *Id*. at 550. The Property has not been foreclosed, and Plaintiff still occupies her home. *Id.*, Ex. F at 478 (RFA Nos. 6, 7, 8), 486 (RFA Nos. 73, 74), 513. As discussed above, there is no genuine dispute that BNYM and Chase lacked authority to foreclose when this lawsuit was filed. Thus, Plaintiff's common law fraud claim should be dismissed because she cannot establish an essential element of her claim.

### Trespass to Try Title and Quiet Title

Plaintiff's trespass to try title and quiet title claims are based on her same assertion that none of the Defendants can show a proper chain of title to establish authority to foreclose. *See* Pl.'s Third Am. Compl. at 13, ¶ 44. Trespass to try title is a statutory claim brought under Tex. Prop. Code Ann. § 22.001 (West 2014). *See id.* ("A trespass to try title action is the method of determining title to lands, tenements, or other real property."). A trespass to try title action is "an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). It is "the exclusive remedy for resolving competing claims to

property." *Parker v. Hunegnaw*, 364 S.W.3d 398, 401 (Tex. App. 2012, no pet.) (citing TEX. PROP. CODE ANN. § 22.001 (West 2000)).   Here, Plaintiff fails to allege that she has lost possession of the Property to any Defendant.   The record further establishes that no Defendant has foreclosed on the Property, and Plaintiff still occupies her home.   Def.'s MSJ App., Ex. F at 478 (RFA Nos. 6, 7, 8), 486 (RFA Nos. 73, 74), 513.   In the absence of any allegation or evidence that Plaintiff lost possession of the Property, her trespass to try title claim fails and should be dismissed.   *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (dismissing trespass to try title claim because plaintiff failed to allege that she was dispossessed of the property).

A suit to quiet title is an equitable action used to establish that an adverse party's claim to property is invalid, and to remove the cloud caused by the invalid claim from the owner's title. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied).   A quiet title action "relies on the invalidity of the defendant's claim to the property."   *Morlock, LLC v. JP Morgan Chase Bank*, 586 F. App'x 631, 633 (5th Cir. 2013) (per curiam) (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)) (internal quotation marks omitted). Accordingly, the plaintiff must prove that she has "superior equity and right to relief."   *Id.* (quoting Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)) (emphasis omitted) (internal quotation marks omitted). Ultimately, the plaintiff "must prove and recover on the strength of [her] own title, not the weakness of [her] adversary's title."   *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (citation omitted).   In this case, Plaintiff does not contest the validity of the Deed of Trust.   To the contrary, Plaintiff admits that she executed the Deed of Trust and that it is an enforceable agreement.   Def.'s MSJ App, Ex. G. at 504-05.   Plaintiff's allegations that the Deed of Trust had not been properly assigned merely question Defendants'

authority to foreclose; she does not challenge to the *validity* of the Deed of Trust or assert of an interest in title to the Property that is superior to BNYM's.  Accordingly, her quiet title claim fails and should be dismissed.  *See Hudson v. JP Morgan Chase Bank, N.A.*, 541 F. App'x 380, 385 (5th Cir. 2013) (holding that plaintiff's allegations challenging assignment of deed of trust to assignee of lender's successor-in-interest did not state cognizable claim of superiority of title of real property as required to pursue action to quiet title).

### Violations of the Texas Debt Collection Practices Act

Plaintiff also contends that Defendants' attempts to foreclose on the Property constitute violations of the Texas Debt Collection Practices Act ("TDCPA"), including sections 392.301, 392.303, and 392.304 of the Texas Finance Code.  Pl.'s Third Am. Compl. at 25-26, ¶¶ 64-66. The TDCPA permits a consumer to sue for threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt. *See* TEX. FIN. CODE ANN. §§ 392.001–.404 (West 2006).  The TDCPA prohibits a debt collector from using threats, coercion, or attempts to coerce by "threatening to take an action prohibited by law."  *Id.* at § 392.301(a)(8).  Debt collectors are also prohibited from "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."  *Id.* at § 392.303(a)(2). Further, debt collectors are prohibited from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id.* at § 392.304(a)(8). There is also a catch-all provision that prohibits a debt collector from "using any other false representation or deceptive means to collect a debt."  *Id.* at § 392.304(a)(19).  To violate the TDCPA using a misrepresentation, "the debt collector must have made an affirmative

statement that was false or misleading." *Kruse v. Bank of N.Y. Mellon*, 936 F.Supp.2d 790, 792 (N.D. Tex. 2013).

Plaintiff does not point to any specific threats, prohibited actions, or false and deceptive statements by Defendants that violate the TDCPA.  Instead, she generally asserts that Defendants violated the TDCPA by initiating foreclosure proceedings at a time when—due to the alleged broken chain of assignments—they had no standing or authority to do so.  Pl.'s MSJ Resp. at 27. As the record establishes, however, BNYM and Chase were authorized to foreclose as the mortgagee and mortgage servicer, respectively.  Plaintiff's TDCPA claims based on her flawed theory that Defendants lacked authority to foreclose fail as a matter of law and should be dismissed.  *See Stepney-Bey v. Wells Fargo Bank, Nat. Ass'n, No*. 3:14-CV-3298-L-BF, 2015 WL 3903555, at *3 (N.D. Tex. May 26, 2015), *rec. adopted*, 2015 WL 3932382 (N.D. Tex. June 25, 2015) (holding that defendants were entitled to summary judgment on plaintiff's TDCPA claims that were based invalid theory that defendants had no right to foreclose because they were not the holder of the note).

### Violations of the Texas Deceptive Trade Practices Act

Defendants move for summary judgment on Plaintiff's DTPA claims on grounds that she lacks consumer standing.  The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages."  *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). To qualify as a consumer under the DTPA, the plaintiff "must have sought or acquired goods or services by purchase or lease," and "the goods or services purchased or leased must form the basis of the complaint."  TEX. BUS. & COM. CODE § 17.45(4); *Cameron v. Terrell & Garrett, Inc*., 618 S.W.2d 535, 539 (Tex. 1981).  Whether a person qualifies as a consumer under the

DTPA is a question of law for the court to decide. *Olufemi-Jones v. Bank of Am., N.A.*, No. 3:12-CV-3428-L, 2013 WL 1482544, at *2 (N.D. Tex. Apr.10, 2013) (citing *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.—San Antonio 2002, pet. denied)). A person who seeks only to borrow money is not a consumer under the DTPA because lending of money, without more, does not involve a good or a service. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex. 1984); *see also Federal Deposit Ins. Corp. v. Munn*, 804 F.2d 860, 863 (5th Cir. 1986) (summarizing Texas law as holding that "goods" and "services" do not include intangible chattel such as stocks, money, or loans).

Plaintiff does not respond to Defendants' argument that she is not a consumer. Nor has she identified any evidence in the record that she sought or acquired goods or services by purchase or lease from any Defendant or that any goods or services form the basis of her complaint. Rather, the record establishes that the transaction at the center of this controversy was a home equity loan. *See* Def.'s MSJ App. at 501, 571-74. There is no evidence that Plaintiff used the Loan to acquire the Property or any other goods or services. To the contrary, the evidence establishes that Plaintiff's husband used the Loan proceeds to pay off outstanding debt, including almost $400,000 in IRS liens. *Id.* at 546, 548-49. Thus, Plaintiff is not a consumer under the DTPA. *Fassihi v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-4414-L, 2014 WL 4230324, at *5 (N.D. Tex. Aug. 27, 2014) (finding plaintiff who sought a home equity loan was not a consumer under the DTPA); *Finegan v. Chase Home Finance, LLC*, No. 4:10-CV-04645, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012) (same). Based on the summary judgment record, the court concludes as a matter of law that Plaintiff is not a consumer. Defendants are therefore entitled to summary judgment and dismissal of Plaintiff's DTPA claim.

**Breach of Contract**

Defendants seek summary judgment on Plaintiff's breach of contract claim because it is undisputed that Plaintiff failed to perform or tender performance under the Note and Deed of Trust. Plaintiff does not respond to this argument by pointing any evidence that would show that summary judgment is not proper. Instead, she merely repeats in her summary judgment response the unsupported allegations from her Third Amended Complaint.[4]

To prevail on a claim for breach of contract under Texas law, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Here, the undisputed summary judgment evidence shows that Plaintiff has not made her required Loan payments. Def.'s MSJ App. at 542, 550-51. She also admits that she has failed to purchase hazard insurance or pay *ad valorem* taxes. *Id.* at 552, 553. Thus, there is no genuine issue of material fact as to whether Plaintiff performed under the Loan. Accordingly, Defendants' motion for summary judgment should be granted as to Plaintiff's breach of contract claim. *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673, 680 (E.D. Tex. 2014) (holding plaintiffs cannot bring a breach of contract claim against the defendant because they failed to establish that they made the required monthly payments or otherwise complied with their contractual obligations); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012) (finding plaintiff's failure to perform her contractual obligations by failing to make payments warrant summary judgment on her breach of contract claim).

**Tortious Interference with Contract**

---

[4] Indeed, Plaintiff apparently copied verbatim (including grammatical and punctuation errors) into her summary judgment response the paragraphs from her Third Amended Complaint that allege a breach of contract. *Compare* Pl.'s MSJ Resp. at 30-31 *with* Pl.'s 3d Am. Compl. at 27-29.

Plaintiff's tortious interference claim is based on her allegation that her mortgage contract is with LBMC and that Defendants' attempts to collect the debt and foreclose on the Property interfere with the original contract. *See* Pl.'s Third Am. Compl. at 29, ¶ 70. "Tortious interference with a contract occurs when a person intentionally and improperly interferes with the performance of a contract with a third party." *Mackey v. U.P. Enterprises, Inc.*, 935 S.W.2d 446, 458 (Tex. App.—Tyler 1996, no writ). "A tortious interference cause of action is established if the plaintiff proves: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss resulted." *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996). Under Texas law "a party cannot tortiously interfere with its own contract," because "a person must be a stranger to a contract to tortiously interfere with it." *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex. 2006) (internal quotation marks and citation omitted). Here, the only parties that Plaintiff alleges have attempted to foreclose are BNYM and Chase. These Defendants are not "strangers" to the Note or Deed of Trust. As the record shows, they are valid assignees of LBMC. Additionally, the summary judgment evidence establishes that Plaintiff has not sustained any damages as a result of any alleged interference. No Defendant has foreclosed on the Property, and Plaintiff still occupies her home. Nor has Plaintiff pointed to any evidence that she made a Loan payment that was misapplied. Instead, she admits that her default was due to the fact that she could not afford her payments. Def.'s MSJ App., Ex. G at 536, 542. For these reasons, Plaintiff's tortious interference claim should be dismissed.

### Violations of the Truth in Lending Act

In her Third Amended Complaint, Plaintiff alleges—for the first time—that Defendants violated the Truth in Lending Act ("TILA") by failing to record a copy of the assignment of her

Loan to the BSABS-2006-2 Trust ("Trust") in the Official Records of the Rockwall County Clerk's Office within thirty days of the securitization of her Loan. *See* Pl.'s 3d Am. Compl. at 29-30. Section 1641(g) of the TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" and make certain disclosures to the borrower about the transfer and the new creditor. 15 U.S.C. § 1641(g)(1). The statute creates "a private right of action for civil liability against any creditor that fails" to comply with this requirement. *See id.*, § 1640(a) (1)-(2); *see also Price v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-0175-O-BH, 2013 WL 3976624, at *10 (N.D. Tex. Aug. 2, 2013). However, the TILA does not require lenders to record loan assignments, or other evidence of loan securitization, in the official property records of the county where the property is located. Therefore, Defendants were not obligated to record any assignment of Plaintiff's Loan to the Trust in the Rockwall County records, and their alleged failure to record a copy of any assignment cannot support a claim under the TILA. *See Reardean v. Fed. Home Loan Mortg. Corp.*, No. A-13-CA-1059-SS, 2014 WL 774939, at *4 (W.D. Tex. Feb. 24, 2014).

Additionally, the TILA provides that any action for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, Plaintiff contends that the alleged TILA violation occurred when Defendants failed to record an assignment of her Loan to the various classes of the Trust within thirty days of November 19, 2004. Plaintiff did not file this action until August 29, 2013—well after the date the one-year statute of limitations expired. Therefore, Plaintiff's TILA claim is also barred by limitations.

### Len Lall's Estate

Defendants BNYM, EMC, Chase, and Wells Fargo contend that Len Lall's Estate is not a proper party to this action and that Plaintiff, who is not the personal representative of the Estate,

is not entitled to pursue any claims on the Estate's behalf.  *See* Def. MSJ Br. at 10-11. Plaintiff's Third Amended Complaint does not name the Estate as a party, and her summary judgment response confirms that she does not intend to pursue any claim on behalf of her deceased husband's Estate.  *See* Pl.'s MSJ Resp. at 32; *see also* Def.'s MSJ App., Ex. G at 493. Accordingly, to the extent Plaintiff's live pleading retains any references to claims by or on behalf of the Estate, those claims should be dismissed.  *See Austin Nursing Ctr, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex.  2005) (noting that decedent's estate is not a legal entity and may not properly sue or be sued as such).

### Other Relief

Plaintiff's prayer asserts that she seeks a judgment rescinding the Loan and Deed of Trust.  Pl.'s Third Am. Compl. at 31.  Defendants moved for summary judgment on this request for relief on grounds that Plaintiff did not timely give notice of her desire for rescission and because she has not offered to return the loan proceeds.  Def.'s MSJ Br. at 28.  Plaintiff failed to address her request for rescission in her summary judgment response.  Plaintiff's failure results in abandonment of her request.  *Black v. N. Panola Sch. Dist*., 461 F.3d 584, 588 n.1 (5th Cir. 2006) (claim deemed abandoned when party failed to pursue it beyond initial pleading); *Martin v. Fed. Nat'l Mortg. Ass'n*, No. 3:12-CV-2768-M-BF, 2013 WL 4494523, at *4 (N.D. Tex. Aug. 22, 2013) (same).  Finally, because there are no remaining substantive claims, Plaintiff has no right to declaratory or injunctive relief.  *Ingram v. Beneficial Fin., Inc*., No. 3:13-CV-4037-L, 2015 WL 1443110, at *15 (N.D. Tex. Mar. 30, 2015) (denying plaintiff's request for declaratory and injunctive relief when underlying claims have been dismissed).

### RECOMMENDATION

For the reasons stated, the District Court should GRANT the summary judgment motion filed by Defendants BNYM, EMC, Chase, and Wells Fargo Bank, N.A (Doc. 60) and GRANT

the motion to dismiss filed by Defendant SPS (Doc. 84).  The Court should dismiss with prejudice all of Plaintiff's claims and causes of action.[5]

SO RECOMMENDED, September 9, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[5]      Dismissal of Plaintiff's claims against SPS with prejudice is appropriate because the court already allowed Plaintiff to amend her complaint after Defendants filed a dispositive motion pointing out the deficiencies in her claims. Plaintiff has had multiple opportunities to plead her best case, and it is apparent that she is unable to amend her complaint in a manner that will avoid dismissal. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).