IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNETTE LALL,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:13-CV-3840-L (BF) |
| | § | |
| THE BANK OF NEW YORK MELLON,<br>EMC MORTGAGE CORPORATION,<br>J.P. MORGAN CHASE BANK,<br>WELLS FARGO BANK, N.A., and<br>SELECT PORTFOLIO SERVICING, INC.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Court has before it Plaintiff Annette Lall's motion to file a notice of appeal [D.E. 101]. The above-styled case, including Ms. Lall's motion, was referred by the District Court to the Magistrate Judge for pretrial management through a standing order of reference. *See* Order [D.E. 15]. Based on the parties' briefing the undersigned recommends as follows.

## LEGAL STANDARD

The Federal Rules of Appellate Procedure (the "Rules") provide that a notice of appeal must be filed before an appeal is permitted. Fed. R. App. P. 3(a)(1). "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). During this 30 day period, the district court is permitted to extend the deadline for filing a notice of appeal, if a party moves for such an extension. Fed. R. App. P. 4(a)(5)(A). However, "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time...." Fed. R. App. P. 4(a)(5)(C). Thus, the longest period of time a party could have to file their notice of appeal is 60 days from the entry of the judgment. *See* Fed. R. App. P. 4(a).

1

## ANALYSIS

In the case at hand, the District Court entered a judgement on September 28, 2015. *See* J. [D.E. 100]. A notice of appeal or motion for extension of time was due on or about October 30, 2015. *See* Fed. R. App. P. 4(a). Ms. Lall's motion was filed on January 15, 2016. Pl.'s Mot. [D.E. 101]. This is approximately 77 days after the very latest she could have filed for an extension of time or filed a notice of appeal. *See* Fed. R. App. P. 4(a). As such, her motion is untimely and the relief she seeks is prohibited by the Rules. *See id.*

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the District Court **DENY** Plaintiff Annette Lall's motion to file a notice of appeal [D.E. 101] because it is untimely.

**SO RECOMMENDED**, this 5 day of July 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).